### In re Todd ULRICH, Debtor.

### No. 11–10280.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Aug. 12, 2011.

346

Gilbert E. Blomgren, Blomgren & Bobka Co., L.P.A., Cleveland, OH, for Debtor.

**MEMORANDUM OF OPINION AND ORDER**

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court on the Motion for Relief from Stay (the "Motion") filed by creditor Trustar Funding, LLC ("Trustar"). The Debtor objects to this Court's jurisdiction to grant stay relief. This Court otherwise acquires core subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 157(a), (b)(1), 28 U.S.C. § 1334 and General Order No. 84 of the District. After the conclusion of a duly noticed evidentiary hearing, an examination of the evidence admitted and a review of the record, generally, the following factual findings and conclusions of law are hereby rendered:

*

On January 13, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtor's Schedule A lists only one parcel of real property, in Solon, Ohio. His Schedule F lists an unsecured debt to Trustar Funding in the amount of $80,000.00, which is categorized as a "Trade debt." Debtor's 341 meeting of creditors was scheduled for February 22, 2011, and the Court noticed the statutory deadline to object to discharge or dischargeability of certain debts as April 25, 2011. The Court's docket reflects that Trustar did not object to Debtor's discharge prior to that date. Debtor's discharge entered on May 23, 2011.

\* \*

Trustar seeks stay relief on a certain parcel of real property located at 1575 Westdale Road, South Euclid, Ohio, 44121. Creditor's Trial Brief, however, alleges that the Debtor engaged in fraudulent conduct to obtain mortgage funds, and requests the relief of vacating the Debtor's discharge order.

Debtor objects to this Court's jurisdiction to grant stay relief, alleging that he did not own the property in his individual capacity at any time, and his corporation did not own the property as of the petition date.

\* \* \*

The dispositive issue before this Court is firstly, whether this Court has jurisdiction to grant stay relief, and secondly, whether this Court has power to grant relief from the discharge injunction.

\* \* \* \*

*Stay Relief*

 Section 362 governs the applicability of the automatic stay. It provides, in pertinent part:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section—

(2) the stay of any other act under subsection (a) of this section continues until the earliest of— ·

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

11 U.S.C. § 362. Once a debtor's discharge has entered, the stay is no longer in effect. "If the debtor is granted a discharge, the permanent injunction of § 524 replaces the automatic stay of § 362 and prevents creditors from ever collecting a discharged debt." *In re Martin*, 162 B.R. 710, 715 (Bankr.C.D.Ill.1993).

Herein, the Debtor argues that this Court is without jurisdiction to grant stay relief, because the Debtor asserts that the property in question was never estate property. Any stay in effect, however, was terminated when the Debtor received his Chapter 7 discharge. Therefore, this Court need not determine the issue of whether the property in question was estate property, or whether there would be jurisdiction to grant stay relief, because no stay is in effect. Trustar's Motion must be denied as moot to the extent that it seeks relief from stay.

*Discharge Injunction*

 This Court does, however, retain jurisdiction to hear issues related to the discharge injunction. *See Travelers Indent. Co. v. Bailey*, 557 U.S. 137, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009). "[B]ankruptcy courts retain significant jurisdiction after a discharge order is issued and a case is closed over matters concerning the interpretation and enforcement of bankruptcy court orders and important substantive rights granted by the Bankruptcy Code. Such matters fall within the Court's 'aris-

ing in' and 'arising under' jurisdiction." *In re Cano*, 410 B.R. 506, 546 (Bankr.S.D.Tex. 2009). Bankruptcy courts are granted original jurisdiction in "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334.

Section 524 of the Bankruptcy Code provides for the effect of discharge. It states, in pertinent part:

> (a) A discharge in a case under this title—
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. . . .

11 U.S.C. § 524.

The Bankruptcy Rules provide a specific deadline by which a party must object to dischargeability. Rule 4004(a) provides:

> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Fed. R. Bankr.P. 4004. Rule 4004(b) further provides that any request for extension of time to file such a complaint must be made prior to the expiration of time provided for in Rule 4004(a). Fed. R. Bankr.P. 4004. An objection to discharge must be in the form of an adversary proceeding pursuant to Rule 7001(4). Fed. R. Bankr.P. 7001.

The Bankruptcy Court has exclusive jurisdiction to determine the dischargeability of debts under Section 523(a)(2), (a)(4), and (a)(6). 11 U.S.C. § 523(c); *see In re Dollar Corp.*, 25 F.3d 1320, 1325 (6th Cir.1994) ("Congress intended 'to take the determinations governed by 11 U.S.C. § 523(c) away from state courts and grant exclusive jurisdiction in the bankruptcy courts.'") (quoting *Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir.1981)); *In re Rapp*, 375 B.R. 421, 430 (Bankr.S.D.Ohio 2007) ("Bankruptcy courts have exclusive jurisdiction to determine the dischargeability of the debts described in § 523(a)(2), (4) and (6) of the Bankruptcy Code."). The legislative history to Section 523 reflects Congress' intent that a creditor objecting to discharge under subsections (a)(2), (a)(4), or (a)(6) must bring an action in the bankruptcy court, and failure to do so results in discharge of the underlying debt. H. Rep. 95–595, 95th Cong., 1st Sess. 365 (1977); S. Rep. 95–989, 95th Cong., 2d Sess. 80, 1978 U.S.C.C.A.N. 5787 (1978). A party cannot seek to have a state court determine dischargeability under subsections (a)(2), (a)(4), or (a)(6). *In re Rapp*, 375 B.R. at 430.

 Furthermore, a bankruptcy court can not exercise its equitable powers under Section 105 in such a situation. A bankruptcy court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). Bankruptcy courts cannot "use equitable principles to disregard unambiguous statutory language." *In re C–L Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir.1990). Section 105(a) "may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to

preserve an identifiable right conferred elsewhere in the Bankruptcy Code." *In re Jamo*, 283 F.3d 392, 403 (1st Cir.2002). Thus, where Congress has expressed a clear limitation on the time to object to discharge and the forum in which to do so, a bankruptcy court can not override that intent using the equitable powers in Section 105.

Herein, Trustar does not dispute that it was scheduled as a creditor in Debtor's case, nor does it allege that it did not receive the Court's notice of Debtor's 341 meeting containing the deadline to object to dischargeability. In fact, Trustar has not provided any reason why it did not timely object to Debtor's discharge. Trustar's stay relief motion is essentially seeking permission to have the state court determine dischargeability due to fraud on a debt that has been discharged. Not only is Trustar's Motion not timely, but pursuant to Section 523(c), this Court can not grant Trustar permission to seek a dischargeability determination in state court based on fraud.

\* \* \* \* \*

Accordingly, Trustar's Motion, to the extent that it seeks relief from stay is hereby denied as moot. To the extent that Trustar seeks a determination of dischargeability, the Motion is denied as untimely and improper under Rules 4004, 7001 and 11 U.S.C. § 523. Debtor's Objection is hereby sustained. Each party is to bear its respective costs.

**IT IS SO ORDERED.**