**In re Todd Curtis PHILPOTT, Martha Alice Philpott, Debtors.**

No. 13–12066.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Signed March 10, 2014.

Entered March 11, 2014.

---

Robert A. Goering, Cincinnati, OH, for Debtors.

Stephen E. Imm, Cincinnati, OH, for Debtor Todd Curtis Philpott.

## ORDER DENYING MOTION FOR RELIEF FROM STAY

JEFFREY P. HOPKINS, Bankruptcy Judge.

One of the codebtors in this case, Todd C. Philpott, is also codefendant in a lawsuit brought by Michael Martino, Brian Yelton, and Russell Schroer (hereinafter referred to as "Martino, Yelton, and Schroer"). Martino, Yelton, and Schroer, former employees of Wire to Wire, Inc., are seeking to recover damages for unpaid wages and overtime under the Fair Labor Standards Act ("FLSA") and the analogous Kentucky and Ohio statutes against the now defunct company, which the Debtor Todd Philpott apparently held a 50% stock ownership interest in. Martin Crabill, the other 50% shareholder of Wire to Wire, is also named in the district court litigation among other codefendants. *See Martino et al. v. Wire to Wire, Inc. et. al.*, S.D. Ohio Case No. 1:12–cv–00562–SJD (assigned to Chief District Court Judge Susan J. Dlott). The Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code on April 30, 2013 (Doc. 1) which stayed the district court action in regards to Debtor Todd Philpott, pursuant to 11 U.S.C. § 362(a).[1]

Before the bankruptcy court is the motion to terminate or condition the automatic stay, for cause under § 362(d), as it applies to Debtor Todd Philpott filed by Martino, Yelton, and Schroer, now creditors in the Debtors' case ("Motion") (Doc. 27). Martino and the other former employees state in the Motion that they wish "to liquidate their [FLSA and related state law wage and hour] claims against Debtor Philpott and bring claims against [Chapel Electric Co., LLC] and [TriVersity Construction Company, LLC] in an acceptable forum" (hereinafter "Chapel Electric" and "TriVersity" respectively) (Doc. 27). In turn, the Debtors have filed an objection to the Motion wanting to retain the protections offered by the stay (Doc. 32). At the

---

1. The automatic stay does not extend to separate legal entities such as "codefendants in pending litigation." *Patton v. Bearden,* 8 F.3d 343, 349 (6th Cir.1993); *see In re Nat. Century Fin. Enterprises, Inc.,* 423 F.3d 567, 568 (6th Cir.2005) (distinguishing the provisions of § 362(a)(1), which stays any actions to collect from the debtor from § 362(a)(3), which prohibits "any acts to obtain possession of property of the bankruptcy estate," such as through a garnishment proceeding instituted against a bank to collect funds in the debtor's accounts).

hearing, the attorney for Martino and the other employees argued that the FLSA claims against the Debtor Todd Philpott ought to be tried in the district court along with the other codefendants, at least in regards to making a liability determination, because of that court's familiarity with the legal definition of an "employer." Finally, they contend that the Debtor Todd Philpott meets that definition and he is personally liable for the company's failure to pay appropriate wages and overtime to the employees.[2]

In addition to the motion for relief from stay, and in an effort to preserve their rights to collect in the event they are successful in obtaining a nondischargeability judgment, on August 5, 2013, Martino, Yelton, and Schroer, commenced an adversary proceeding in bankruptcy court against Debtor Todd Philpott. The adversary complaint avers that the debt that the FLSA and state law claims are predicated upon are nondischargeable under § 523(a)(2) (debt incurred by false pretenses, false representation or actual fraud), § 523(a)(4) (debt incurred by defalcation, breach of fiduciary duty, embezzlement or larceny), and § 523(a)(6) (debt incurred by willful and malicious injury) (Doc. 22). Thereafter, Martino, Yelton, and Schroer filed an amended adversary complaint in bankruptcy court seeking to join as codefendants Chapel Electric and TriVersity (Case No. 13–1084, Doc. 12). Apparently, because of the stay of the proceedings, Martino and the other employees have not sought to amend the complaint in the district court litigation to include Chapel Electric and TriVersity as codefendants.

On October 29, 2013, the Debtors received their discharge (Doc. 23). And, on November 11, 2013, the chapter 7 Trustee filed a "no asset report" stating that there were no proceeds from the estate for distribution to creditors in the case.

### The Law

Section 362 governs the applicability of the automatic stay and provides that, for an individual who has filed under chapter 7, the automatic stay continues until "the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2)(C). Once the discharge has been entered, the automatic stay is no longer in effect and the § 524(a) discharge injunction replaces the automatic stay and prevents creditors from collecting on any discharged prepetition debts. See 11 U.S.C. § 524(a). Since the automatic stay is no longer in effect upon the entering of a discharge, bankruptcy courts routinely deny post-discharge motions to terminate the stay as moot. See, e.g., In re Ulrich, 456 B.R. 345, 347 (Bankr. N.D.Ohio 2011).

In this case, however, Martino, Yelton, and Schroer have filed an adversary complaint against Debtor Todd Philpott. Thus, the alleged debt, predicated upon the FLSA and related state law claims asserted in the adversary complaint, are not yet discharged.[3] Unless the district

---

2. See 29 U.S.C. § 203(d) (Under FLSA, the term "employer" includes *"any* person acting directly or indirectly in the interest of an employer in relation to an employee ...."*) (emphasis added); *Falk v. Brennan,* 414 U.S. 190, 195, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973) (the Supreme Court has held that FLSA recognizes a broad definition of "employer" and contemplates several simultaneous employers, each responsible for compliance with the wage and hour rules prescribed in the stat-

ute); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965–66 (6th Cir.1991) (the Sixth Circuit found individual liability under an expansive view of FLSA where the "employer" was "the chief corporate officer, had a significant ownership interest in the corporation, and had control over significant aspects of the corporation's day-to-day functions, including determining employee salaries.").

3. The discharge that the Debtors received in the case at bar is limited by the provisions of

court withdraws the reference, the bankruptcy court has complete jurisdiction to adjudicate the nondischargeability claims and issue a final order in the case. *See* 28 U.S.C. § 157(a), (b), and (d).[4] Indeed, bankruptcy courts are frequently called upon to decide whether FLSA and the companion state law wage and hour claims are excepted from discharge under § 523(a). *See, e.g., In re Jercich*, 238 F.3d 1202, 1209 (9th Cir.2001)(court held that debt arising from debtor's failure to pay wages was excepted from discharge under § 523(a)(6)); *In re Silva*, 12–17413–WCH, 2014 WL 217889 (Bankr.D.Mass. Jan. 21, 2014); *In re Ruhland*, 11–19510–JNF, 2013 WL 1088737, at *13 (Bankr.D.Mass. Mar. 13, 2013); *Orr v. Marcella (In re Marcella)*, 463 B.R. 212, 220 (Bankr. D.Conn.2011)(court held that the debtor's violation of Connecticut's Minimum Wage Act, a strict liability statute, without conduct akin to an intentional tort was not

sufficient to render a debt nondischargeable under 523(a)(6)).

■ While this court cannot grant relief from stay that would enable Martino, Yelton, and Schroer to proceed against Debtor Todd Philpott in district court, as noted, the § 524 discharge injunction does not prevent them from seeking a judgment of nondischargeability predicated on the FLSA and the related state law claims in bankruptcy court. Accordingly, Debtor Todd Philpott's individual liability for unpaid wages or overtime associated with violations of the FLSA and the state law equivalent will be adjudicated in the bankruptcy court in the pending adversary complaint.

■ Since the automatic stay does not bar suits against codefendants in litigation pending in other courts, the state law and FLSA claims against the codefendants named in the parallel district court litigation may proceed without further delay.[5]

§ 523(c)(1) and § 727(b). Read in conjunction, § 523(c)(1) provides, in relevant portion, as follows:

"[T]he debtor shall be discharged from a debt of a kind specified in (2), (4) and (6) of subsection (a) of [§ 523], unless on request of a creditor to whom such debt is owed, and after notice and hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), and (6), as the case may be, of subsection (a) of [§ 523]."

Section 727 (b), then states:

"Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title."

**4.** *See also In re McLaren*, 3 F.3d 958, 966 (6th Cir.1993) ("In *Hallahan*, the Seventh Circuit

recognized that requiring the empaneling of a jury in bankruptcy court in the midst of a dischargeability proceeding, or referring the matter back to the district court for a jury trial creates a cumbersome process. The court also reasoned that allowing the bankruptcy judge to settle both the dischargeability of the debt and the amount of the money judgment accords with the rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief.") (internal citations and quotation marks omitted).

**5.** At the hearing, the attorney for Martino, Yelton, and Schroer reported that Martin Crabill, the other 50% co-owner of the defunct company Wire to Wire, also sought protection from creditors by filing a bankruptcy petition in Dayton (Case No. 13–31274). The other codefendants named in the district court case are Wire to Wire, Inc., Martin Crabill, Volpenhein Brokers Electric, Inc. and Morel Construction Co., LLC, among other counterclaimants.

*See Patton v. Bearden,* 8 F.3d at 350. However, the Debtor Todd Philpott has no personal stake in the outcome of the controversy being litigated in district court, as any claims for contribution that could conceivably be brought would not have a direct effect on his estate and in no way implicate the administration of his estate. *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1139 (6th Cir.1991). The Debtor Todd Philpott has already been granted a discharge from any prepetition claims that might result in a judgment for contribution in the parallel district court litigation (Doc. 23). As such, the prospective liability of those currently named as codefendants in the district court action (and any that may be added by amending the complaint) cannot, at this juncture, have any practical impact on the Debtor Todd Philpott's estate. *See In re Madaj,* 149 F.3d 467 (6th Cir.1998) (in a no asset chapter 7 case all prepetition debts, regardless if they were scheduled or unscheduled, are discharged if the creditor had timely notice of the bankruptcy).

### Conclusion

The motion to terminate or condition the automatic stay filed by Michael Martino, Brian Yelton, and Russell Schroer, former employees of Wire to Wire, Inc., is hereby **DENIED** as moot. The bankruptcy court will retain jurisdiction over the adversary complaint and enter a final order deter-mining whether the debts underlying the FLSA and related state law claims asserted against the Debtor Todd Philpott, individually, are nondischargeable under § 523(a)(2), (4), and (6). The automatic stay does not extend to the codefendants named in the parallel lawsuit initiated in district court by Martino, Yelton, and Schroer. The district court litigation against these particular codefendants can proceed unaffected by the automatic stay which expired in the bankruptcy case.[6]

Because the FLSA makes any "employer," including certain individuals, under the broad definition provided in 29 U.S.C. § 203(d), simultaneously liable for a violation of the FLSA, any attempts by the codefendants to pursue a contribution action in the district court litigation against the Debtor Todd Philpott would be tantamount to "an act, to collect, recover or offset . . . a debt as a personal liability of the debtor," which has been discharged under § 727, and would constitute a violation of the discharge injunction expressed in § 524(a). Moreover, this court notes that exceptions to discharge must be strictly construed against the creditor so as to preserve an essential cornerstone undergirding our bankruptcy laws of providing a "fresh start" to debtors. *In re Rembert,* 141 F.3d 277, 281 (6th Cir.1998); *In re Ward,* 857 F.2d 1082, 1083 (6th Cir. 1988). Adjudication of the nondischargeability action in the bankruptcy court will

---

**6.** The district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The bankruptcy court's jurisdiction is derivative of the district court. 28 U.S.C. § 157(b). Thus, the district court conceivably could hear and decide both the individual liability claims against the Debtor Todd Philpott under the state law and FLSA, while at the same time determine whether the debt underlying those claims are nondischargeable under § 523(a)(2), (4), and (6). Given the district court's heavy trial calendar and the order of reference entered in this district, a presumption arises that the bankruptcy court is the preferred forum for handling all bankruptcy proceedings, especially nondischargeability determinations. Also See *Stern v. Marshall,* ―― U.S. ――, 131 S.Ct. 2594, 2620, 180 L.Ed.2d 475 (2011) (Chief Justice Roberts states that the Court's decision would not change "the division of labor [between bankruptcy and district court judges] in the current statute.")

likely be less expensive and burdensome to the employees and the Debtor, and it will foster the often stated goal of providing the honest but unfortunate debtor with a fresh start. As earlier noted, bankruptcy courts are specialized courts equipped to resolve state law and FLSA claims in the context of nondischargeability actions quickly and efficiently.

■ Finally, an order will be entered dismissing Chapel Electric and TriVersity from the adversary proceeding for want of jurisdiction because a bankruptcy court lacks subject matter jurisdiction to adjudicate the claims in a dispute between non-debtor parties when the outcome of litigation will not have any conceivable impact on the debtor's estate. *In re Wolverine Radio Co.*, 930 F.2d at 1142 ("We have accepted the *Pacor* articulation, albeit with the caveat that situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement.") (quoting *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 584 (6th Cir.1990)) (internal quotation marks omitted).

**IT IS SO ORDERED.**